**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.N., L.N., and A.N.**

**No. 22-0312** (Kanawha 21-JA-669, 21-JA-670, and 21-JA-671)

**MEMORANDUM DECISION**

Petitioner Mother V.F.[1] appeals the Circuit Court of Kanawha County's April 5, 2022, order terminating her parental rights to G.N., L.N., and A.N.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, vacating, in part, the circuit court's January 26, 2022, adjudicatory order and April 5, 2022, dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In November 2021, the DHHR filed a petition alleging that after giving birth to G.N. in September 2021, petitioner abandoned G.N. and left him in the care of the maternal grandmother. According to the record, the maternal grandmother gained permanent legal guardianship of L.N. and A.N. in family court in September 2017 but was unable to care for G.N. G.N. was moved between several family members' homes until the paternal aunt and uncle were granted temporary guardianship of G.N. in October 2021 in family court. While G.N. was placed with relatives, petitioner did not contact those relatives to ask about G.N. The DHHR also alleged that petitioner was homeless due to an illicit drug addiction, that G.N. was born drug exposed, and that petitioner attended only two prenatal appointments for G.N. Notably, these enumerated allegations in the petition were all specific to G.N., but the petition summarily concluded that petitioner has "abandoned the children." Beyond mentioning that L.N. and A.N. were in guardianships with the maternal grandmother, the petition does not contain specific allegations of conduct that constitute abuse and/or neglect of L.N. and A.N. However, the petition concluded with broad, form language tracking the relevant statutes that alleged the children were additionally abused and/or neglected

---

[1]Petitioner appears by counsel Kevin P. Davis. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Counsel Sandra K. Bullman appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

and/or abandoned.[3] It is clear, however, that this additional language was not tailored to the specifics of petitioner's case, as it made references to many circumstances with no relation to the specifics of the instant matter. This included allegations of sexual abuse and/or sexual exploitation, physical injury, and a lack of suitable relatives willing to assume responsibility for the care of the children. Further, the DHHR's allegations of abandonment were explicitly predicated on West Virginia Code § 49-6-9, a statute that has not existed for approximately eight years, as it was recodified as § 49-4-301 in 2015, and addresses, among other things, when law enforcement is permitted to obtain emergency custody of child—a situation clearly inapplicable to the current matter.

At the preliminary hearing, which petitioner waived, the circuit court ordered the DHHR to provide her reunification services, including drug screening. Shortly thereafter, petitioner enrolled in an inpatient drug rehabilitation program but was removed from that program in December 2021 for violating the program's rules. Critical to the resolution of this appeal regarding L.N. and A.N. is the circuit court's adjudication of petitioner following a hearing in January 2022.[4] According to the adjudicatory order, the DHHR presented only one witness—a DHHR worker.[5] Based on the evidence, the court found that petitioner "abused and/or neglected *the child* pursuant to West Virginia law by virtue of abandonment, substance abuse and lack of prenatal care." (Emphasis added). The order goes on as follows:

> Based upon the testimony presented, the [c]ourt FOUND that the [r]espondent children are neglected children as defined in West Virginia Code Section 49-1-3(h) in that their physical or mental health is harmed or threatened by a present refusal, failure, or inability of the children's parent, guardian, or custodian to supply the children with the necessary food, clothing, shelter, supervision, medical care, or education, when such refusal, failure, or inability is not due primarily to a lack of financial means on the part of the parent, guardian, or custodian. The [c]ourt FURTHER FOUND that the above-named children are abused within the meaning of West Virginia Code, Chapter 49, Article 1, Section 3(a), in that their health or welfare is harmed or threatened by a parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict physical injury, mental injury or emotional injury, upon the child or another child in the home.

It must be noted that these "findings" are simply the legal definitions of "neglected child" and "abused child," as found in West Virginia Code § 49-1-201, the statute that replaced § 49-1-3 as cited in the circuit court's order.

---

[3]This is in contravention of Rule 18(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, which requires "[c]itations to statutes relied upon in requesting the intervention of the court *and how the alleged misconduct or incapacity comes within the statutory definition of neglect and/or abuse*." (Emphasis added).

[4]Petitioner did not attend the adjudicatory hearing, though she was represented by counsel.

[5]The appendix does not contain a transcript of the adjudicatory hearing.

Petitioner filed a motion for an improvement period in March 2022. That same month, the court held a final dispositional hearing, during which petitioner testified that she missed the adjudicatory hearing because she needed a "safe place" to avoid using drugs. She stated that she was enrolled in an inpatient drug rehabilitation program in March 2022. The DHHR presented evidence that petitioner had been uncooperative with services throughout most of the case. The DHHR worker testified that petitioner did nothing to gain visitation with the children from November 2021 to March 2022. Upon the evidence presented, the court found that petitioner failed to complete a drug treatment program and "disappeared" from the proceedings for two months. The circuit court determined that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental rights. Petitioner now appeals the April 5, 2022, dispositional order. [6]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

To begin, we first address whether the circuit court properly exercised jurisdiction over L.N. and A.N. As we recently explained,

> [t]o exercise subject matter jurisdiction [in an abuse and neglect proceeding], the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition. Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to *each* child so named.

Syl. Pt. 3, in part, *In re B.V.*, -- W. Va. --, -- S.E.2d --, 2023 WL 2769431 (Jan. 10, 2023). As set forth above, the circuit court did not make specific findings of fact regarding the abuse and neglect of L.N. and A.N. in the January 26, 2022, adjudicatory order. In addition to *B.V.'s* requirement that courts make specific findings with regard to *each* child, we have also discussed the sufficiency of orders in these proceedings and their impact on this Court's ability to review possible errors. We previously explained that

> [p]rocedurally, these various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

---

[6]The father's parental rights were also terminated below. According to the parties, the permanency plan for G.N. is adoption by an aunt and uncle. L.N. and A.N. will remain in their legal guardianship.

*In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). We further elucidate that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *Id.* (citation omitted). *Edward B.* concerned a dispositional order that failed to include specific findings required for termination of parental rights. *Id.* at 629-30, 558 S.E.2d at 628-29. Although the order lacking findings before us is an adjudicatory order, the Court's analysis in *Edward B.* is instructive in this circumstance because the circuit court made *no specific findings* regarding petitioner's alleged abusive and neglectful conduct of L.N. and A.N.

Here, the circuit court failed to make specific factual findings as to how L.N. and A.N., two children placed in a legal guardianship approximately four years prior to the initiation of these proceedings, were abused and/or neglected by petitioner. The adjudicatory order simply declared that L.N. and A.N. were abused and neglected children and made general findings of abuse and neglect as to all three children by reciting the statutory definitions, contained in West Virginia Code § 49-1-201, for an abused and/or neglected child. Our confusion is further compounded by the circuit court's reference to "the child" and the DHHR's general lack of specificity in its petition, leading to the presumption that the factual findings at adjudication apply only to G.N.

The lack of specific findings as to L.N. and A.N. is in opposition to *B.V.* and its prohibition against "generalized findings applicable to all children named in the petition." *B.V.*, -- W. Va. at --, -- S.E.2d at --, 2023 WL 2769431, Syl. Pt. 3, in part. Because the circuit court failed to establish that it properly exercised subject matter jurisdiction over L.N. and A.N., we vacate, in part, the adjudicatory order and the dispositional order regarding L.N. and A.N. and remand only for further proceedings consistent with this decision. *See* Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) (permitting the vacation of orders when "the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated").

However, because the evidence established that G.N. was an abused and neglected child due to petitioner's (1) failure to seek prenatal care while pregnant with G.N., (2) abuse of substances while pregnant with G.N., and (3) abandonment of G.N., the circuit court properly exercised jurisdiction over G.N. As such, we address petitioner's arguments on appeal only as they pertain to that child.

First, petitioner argues that she should have been entitled to a post-adjudicatory improvement period. According to West Virginia Code § 49-4-610(2), a circuit court may grant a post-adjudicatory improvement period when it finds that the parent is likely to fully participate in an improvement period. Here, petitioner failed to participate in most services, missed the adjudicatory hearing, failed to stay in communication with the DHHR, and failed to establish visits with G.N., which resulted in the DHHR's termination of services. As such, the court did not find petitioner's testimony that she would fully participate in an improvement period credible, and we will not disturb this determination. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Accordingly, we find no abuse of discretion

4

in the court's refusal to grant petitioner an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court's ruling on an improvement period is reviewed for an abuse of discretion).

Petitioner next argues that the circuit court erred in terminating her parental rights, claiming that the conditions of abuse and neglect had been corrected by the time of the dispositional hearing. However, petitioner's arguments that she was sober and had obtained a home is disingenuous considering that she was living at a drug rehabilitation facility at the time of the dispositional hearing, which the evidence established was not stable or appropriate housing for a child. Further, petitioner cites a single clean drug screen in March 2022 to support her claim of sobriety. To the contrary, the record shows that petitioner failed to follow through with the DHHR's services and failed to complete drug treatment. Accordingly, we find no error in the circuit court's conclusion that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. *See* W. Va. Code § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that [the] conditions of neglect or abuse can be substantially corrected"). Upon this record, the Court finds no error in the circuit court's termination of petitioner's parental rights to G.N. only.

For the foregoing reasons, we affirm, in part, and vacate, in part, the circuit court's January 26, 2022, adjudicatory order and April 5, 2022, dispositional order.[7] We affirm the adjudication of G.N. as an abused and/or neglected child and affirm the termination of petitioner's parental rights to G.N. only. We vacate the adjudication of L.N. and A.N. as abused and/or neglected children and vacate the termination of petitioner's parental rights to L.N. and A.N. This matter is remanded to the circuit court for further proceedings, including but not limited to the entry of an order setting out the requisite findings as to whether L.N. and A.N. met the statutory definitions of abused or neglected children, based on the evidence previously adduced. *See* W. Va. Code § 49-1-201. To the extent that the evidence does not support such a determination, we further direct the circuit court to undertake such proceedings, consistent with this decision, as may be necessary to ascertain whether L.N. and A.N. met the statutory definitions of abused or neglected children, so that the circuit court might properly exercise jurisdiction. The circuit court is directed to enter an adjudicatory order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed in part, vacated in part, and remanded.

---

[7]The vacation of these orders applies only to petitioner. Those orders also adjudicated the father as an abusing parent and terminated his parental rights. However, the father did not appeal those decisions. Accordingly, the portions of the orders concerning the father remains in full force and effect.

**ISSUED**: June 13, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

6